UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jennifer Knight

    v.                                                            Civil No. 08-cv-354-JM

MetLife Investors USA
Insurance Company, et al

**O R D E R**

Plaintiff moves to amend its complaint, to change the identity of Defendant,[1] to add a non-diverse party as a defendant to the action, and to remand to the state court. Defendant objects.

**BACKGROUND**

Plaintiff Jennifer Knight alleges that her settlor, her late husband, applied for an individual $500,000 life insurance policy on April 15, 2006. He made his prior medical records available to MetLife and submitted to a paramedical examination at MetLife's request on April 24, 2006. On May 1, 2006, MetLife informed Mr. Knight that the insurance policy was "all set."

---

[1] The appropriate defendant appears to be MetLife Investors USA Insurance Company.

Instead of issuing the policy, MetLife asked in June for an old echocardiogram and later in June for Mr. Knight's driving records and for some further beneficiary information.  MetLife finally issued the policy, effective April 1, 2006, on July 13, 2006, eight days after Mr. Knight learned that he had cancer.  Mr. Knight subsequently died, and MetLife has refused to pay plaintiff under the policy.

Plaintiff sued MetLife in state court.  After MetLife removed the case to this court, the plaintiff filed this motion to amend the complaint and remand to state court.  The effect of the amendment, if granted, would be to destroy diversity jurisdiction.

## DISCUSSION

Plaintiff's motion requests that she be allowed to amend her complaint "as a matter of course."  However, when a party amends its complaint to add a party, even before a responsive pleading is served, it is not an amendment as of right.  Leave to amend must be obtained to add a new defendant.  See Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993); Woodruff v. Mueller III, 2004 WL 724886, *5 (N.D. Cal.).  That is particularly true when the party in question, if added, would destroy the court's

diversity jurisdiction.  See 28 U.S.C. § 1447(e).  Nevertheless, the court has discretion to add a party even though the result would be to destroy diversity jurisdiction.  See Casas Office Machs., Inc. v. Mita Copystar Am., 42 F.3d 668, 675 n. 8 (1st Cir. 1994).

In making the determination of whether a non-diverse party may be added, the court must consider a number of factors: (1) the extent to which the purpose of the Amended Declaration is to defeat jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; and (3) whether plaintiff will be significantly injured if the Amended Declaration is not allowed.  Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  The First Circuit has adopted the Hensgens factors test.  See Casas Office Machines, Inc., 42 F.3d at 675 n. 8.

It is obvious that plaintiff prefers to be in state court.  Plaintiff candidly states that she had always intended to include Halla-Lulya and/or Ask Brokerage in the same suit as MetLife if discovery of MetLife's files showed they were appropriate defendants.  That could only be done in state court.  Adding Halla-Lulya in this court was at least in part to defeat jurisdiction and send the case to a jurisdiction where plaintiff

could include all of the parties it desired to sue.

While Halla-Lulya was not initially made a party, the motion to add it was filed promptly after removal and less than sixty (60) days after service of the initial writ. Plaintiff was not dilatory.

Defendant argues that plaintiff will not be significantly injured if her motion is denied because she can pursue Halla-Lulya in a parallel suit in state court. MetLife claims it will, however, suffer injury if the motion is granted because it will be denied its choice of forum if the resulting mandatory remand is made. Plaintiff, on the other hand, says it will be injured because of increased cost, but more importantly because of the "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." Mayes v. Rapaport, 198 F.3d 457 (4th Cir. 1999). One need only look at the alleged statement of May 1, 2006 in which MetLife supposedly told Mr. Knight that the policy was "all set" to see the danger of inconsistent results. Two juries could find differently on whether it was said, by whom it was said, to whom it was said and the effect of it being said. That poses too great a threat of injury to plaintiff in contrast to the de

minimus threat of injury to MetLife posed by a remand.

This is a case where it is appropriate to add the party even though it destroys diversity.  Plaintiff's motion to amend pleadings (document no. 10) is granted.  The motion to remand (document no. 13) is granted.  Defendant's motion to strike (document no. 17) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: November 14, 2008

cc:  David S.V. Shirley, Esq.
     Edmund J. Waters, Jr., Esq.
     James J. Ciapciak, Esq.